IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JOHN E. JARVIS                     :        CIVIL ACTION
                                   :
          v.                       :
                                   :
GOVERNMENT OF THE VIRGIN           :
ISLANDS, et al.                    :        NO. 07-117

MEMORANDUM

Bartle, C.J.                                     February 12, 2009

          Plaintiff John E. Jarvis has filed this putative class
action against the Government of the Virgin Islands, the Virgin
Islands Bureau of Internal Revenue, and Gizette C. Thomas in her
official capacity as Director of the Bureau.  He seeks refunds of
the Virgin Islands personal use tax he and others have paid since
July, 2003.  The tax was assessed on "all articles, goods,
merchandise or commodities brought into the Virgin Islands for
personal use and valued ... over $1,000."  V.I. Code Ann. tit.
33, § 60 (repealed 2007).  On July 25, 2007, this court held the
tax to be invalid in Molloy v. Government of the Virgin Islands,
___ F. Supp. 2d ___, 2007 WL 2220480, *3 (D.V.I. July 25, 2007),
as an unconstitutional burden on commerce into the Territory of
the Virgin Islands since no similar tax existed on the use of
such items purchased or obtained within the Territory.[1]  Less

_____

1.  The Court of Appeals has ruled that Commerce Clause
principles are implicit in the Territorial Clause of the
Constitution.  U.S. Const. art. IV, § 3, cl. 2; Polychrome Int'l
Corp. v. Krigger, 5 F.3d 1522, 1534-35 (3d Cir. 1993).  The
Territorial Clause states:  "The Congress shall have Power to
                                              (continued...)

than three months later, the Virgin Islands Legislature repealed the tax.  Act of Oct. 10, 2007, No. 6969, § 12, Sess. Law, 173. In addition to refunds, Jarvis seeks declaratory and injunctive relief.

Before the court is the motion of the defendants to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for insufficient process and insufficient service of process under Rules 12(b)(4) and 12(b)(5) respectively.

In reviewing this motion to dismiss for lack of subject matter jurisdiction, we accept the plaintiff's factual allegations as true.  Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).  To overcome a motion to dismiss for insufficient service of process, the plaintiff has the burden to show that he made proper service.  Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

I.

The defendants first challenge subject matter jurisdiction due to the lack of a federal question under 28 U.S.C. § 1331.  A claim "arises under" the United States Constitution or federal law where either comprises an "essential element" of the claim for relief.  Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936).  Jarvis alleges that the

_____

1.  (...continued)
dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2.

defendants collected the Virgin Islands personal use tax in violation of the Constitution and have refused to return the tax to him and others who paid it.  He seeks to compel refunds to be made.  The claim of Jarvis clearly presents a federal question.

The defendants next argue that the Tax Injunction Act bars the court from hearing Jarvis' claim.  The Act provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  Where it applies, the Act deprives a federal district court of subject matter jurisdiction. Bluebeard's Castle, Inc. v. Gov't of V.I., 321 F.3d 394, 397 n.5 (3d Cir. 2003).  The Supreme Court has held that the Tax Injunction Act not only prohibits federal district courts from entering injunctions but also from issuing declaratory judgments holding state tax laws unconstitutional.  California v. Grace Brethren Church, 457 U.S. 393, 411 (1982).  As a matter of comity, federal courts are likewise barred from hearing constitutional challenges to state taxes under 42 U.S.C. § 1983 where the plaintiff seeks monetary damages or a refund.  Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981).  Thus, district courts have no subject matter jurisdiction to entertain constitutional challenges to state taxes no matter what relief is sought.

The question before us is whether the Tax Injunction Act curtails the jurisdiction of this court sitting in the Virgin

-3-

Islands, which is a territory and not a state. <u>See</u> 48 U.S.C.
§ 1541(a). Our Court of Appeals has answered this question at
least twice in the negative. It held in <u>Pan American World</u>
<u>Airways, Inc. v. Duly Authorized Government of Virgin Islands</u>
that the Tax Injunction Act is not applicable to the Virgin
Islands. 459 F.2d 387, 390-92 (3d Cir. 1972) It stated:

> There is no indication that Congress intended
> that the district court, in the exercise of
> either its federal question jurisdiction or
> its original Virgin Islands jurisdiction
> should be subject to the strictures of 28
> U.S.C. § 1341 [the Tax Injunction Act].
> Indeed no such notions of federalism as
> underlie limitations on the power of the
> federal district courts to enjoin certain
> state actions are applicable to the
> territories.

<u>Id.</u> at 391. The court reiterated this rule more recently in
<u>Bluebeard's Castle, Inc. v. Government of Virgin Islands</u> which
involved the assessment of real property taxes in the Virgin
Islands. 321 F.3d at 396-97. The court declared "we have held
that the Tax Injunction Act does not apply to the Virgin
Islands." <u>Id.</u> at 397 n.5 (citing <u>Pan Am.</u>, 459 F.2d at 391). It
emphasized that Congress has sovereignty over United States
territories with "broad power" under Article IV, Section 3,
Clause 2 of the Constitution to govern them, even in the area of
property taxation which is "local" in character. <u>Id.</u> at 397,
401. In this action, of course, we are not dealing with a tax
local in character but with a personal use tax that imposed
burdens in violation of Commerce Clause principles.

-4-

The defendants maintain that Pan American and
Bluebeard's Castle are no longer controlling.  They rely on the
Court of Appeals' more recent decision in Edwards v. HOVENSA LLC,
497 F.3d 355 (3d Cir. 2007) to support their argument that the
Tax Injunction Act deprives the District Court of the Virgin
Islands of subject matter jurisdiction over this action.  That
diversity action involved not a tax dispute but the
unconscionability under Virgin Islands law of an arbitration
agreement between Edwards, a citizen of Massachusetts, and his
prospective employer HOVENSA, a citizen of the Virgin Islands, to
resolve a claim of Edwards for personal injuries.  Id. at 357.
Before reaching the merits, the court discussed the jurisdiction
of the District Court of the Virgin Islands.  Id. at 358-60.  It
explained that pursuant to the Revised Organic Act of 1984, the
Virgin Islands Legislature in 1991 divested this court of
concurrent original jurisdiction with the local Superior Court
(previously the Territorial Court) over "purely local civil
matters." Id. at 359.  The Court of Appeals held, however, that
this court still retained diversity jurisdiction and was bound by
the doctrine established in Erie R.R. Co. v. Tompkins, 304 U.S.
64 (1938).  Edwards, 497 F.3d at 360-61.

Edwards does not help the defendants.  It does not
restrict this court's jurisdiction over federal question cases
and makes no reference to Pan American, Bluebeard's Castle, or
the Tax Injunction Act.  Moreover, the Act, on its face, relates
only to actions contesting state tax laws and not those

contesting territorial tax laws.  The Act provides, as noted above:  "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any <u>tax under State law</u> where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341 (emphasis added). Nor is this court dealing here with a "purely local civil matter" as discussed in <u>Edwards</u>.  The claim is for refunds of the personal use tax which directly and adversely affected commerce into the Virgin Islands.

The holdings of the Court of Appeals in <u>Pan American</u> and <u>Bluebeard's Castle</u> that the Tax Injunction Act is inapplicable to the Virgin Islands as a territory remain binding on this court.  Accordingly, the Tax Injunction Act does not prevent us from adjudicating this action.

In a further challenge to subject matter jurisdiction, the defendants contend that sovereign immunity prohibits Jarvis from prosecuting this action.  It appears that Jarvis seeks relief under 42 U.S.C. § 1983 for violation of Commerce Clause principles implicit in the Territorial Clause of the Constitution.  <u>See Polychrome Int'l Corp.</u>, 5 F.3d at 1534-35. The Supreme Court has held that such a claim is viable when a state tax is challenged:  "[T]axpayers who are required to pay taxes before challenging a state tax that is subsequently determined to violate the Commerce Clause are entitled to retrospective relief that will cure any unconstitutional discrimination against interstate commerce during the contested

-6-

tax period." <u>Dennis v. Higgins</u>, 498 U.S. 439, 447 (1991)
(internal quotations and citation omitted).[2]  Section 1983 by its
terms also encompasses conduct under color of any territorial
law.  Consequently, plaintiffs may seek declaratory and
injunctive relief and also tax refunds under § 1983.  <u>Id.</u> at 440,
447, 451.

In addition, contrary to defendants' position,
plaintiffs do not first have to comply with the procedural
requirements of the Virgin Islands Tort Claims Act in order to
bring a § 1983 claim.  <u>Moorhead v. Gov't of the V.I.</u>, 556 F.
Supp. 174, 177 (D.V.I. 1983); <u>see</u> V.I. Code Ann. tit. 33,
§§ 3401-3416.  Accordingly, the fact that Jarvis may have failed
to do so does not deprive us of subject matter jurisdiction.

II.

Finally, the defendants assert that this court must
dismiss this action because of insufficient process and/or
insufficient service of process under Rules 12(b)(4) and 12(b)(5)
of the Federal Rules of Civil Procedure.  Rule 4(j) requires that
a plaintiff suing "[a] state, a municipal corporation, or any
other state-created governmental organization" serve the
complaint and summons on "its chief executive officer," here the
Governor of the Virgin Islands.  Fed. R. Civ. P. Rule 4(j).
Under Rule 4(m), a plaintiff has 120 days to complete service
after filing a complaint, but this deadline is not absolute.

---

2.  The Tax Injunction Act had no applicability because that
action was initiated in a Nebraska state court.  <u>Dennis</u>, 498 U.S.
at 441.

Fed. R. Civ. P. Rule 4(m).  The rule continues, "[I]f the
plaintiff shows good cause for the failure [to serve within 120
days], the court must extend the time for service for an
appropriate period."  <u>Id.</u>  District courts possess broad
discretion when considering a motion to dismiss for insufficiency
of process or service of process.  <u>Umbenhauer v. Woog</u>, 969 F.2d
25, 30-31 (3d Cir. 1992).

      Jarvis filed his complaint on October 26, 2007.  Within
120 days of that date he served Gizette Thomas, Director of the
Bureau of Internal Revenue, and Vincent Frazer, Attorney General.
He did not serve the Governor until at least the 135th day
because he believed that the Attorney General had accepted
service on behalf of the Governor.  Approximately two months
after serving the Governor, Jarvis moved for enlargement of time
to serve the summons and complaint.  The magistrate judge granted
the motion on July 2, 2008 and ordered that "service of the
Summons and Complaint on Governor John P. de Jongh, Jr. on
March 12, 2008, shall be deemed perfected, subject to any
defenses that may be asserted by the defendant."

      Our Court of Appeals has instructed that we use a
lenient approach when insufficient service of process is the
grounds for a motion to dismiss.  As the court explained in
<u>Umbenhauer</u>, "[D]ismissal of a complaint is inappropriate when
there exists a reasonable prospect that service may yet be
obtained.  In such instances, the district court should, at most,

quash service, leaving the plaintiffs free to effect proper
service."   969 F.2d at 30.

Jarvis has served the Governor of the Virgin Islands
properly.   The defendants merely complain that he did so too
late.   The magistrate judge has properly granted his motion for
enlargement of time.   Jarvis has thus met his burden of showing
that service was properly effectuated, and there is no prejudice
to the defendants.   Accordingly, we find no reason to dismiss the
complaint under either Rule 12(b)(4) or 12(b)(5).