IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| JOHN E. JARVIS | : | CIVIL ACTION |
| v. | : | |
| GOVERNMENT OF THE VIRGIN ISLANDS, et al. | : | NO. 07-117 |

MEMORANDUM

Bartle, C.J.　　　　　　　　　　　　　　　　　　　　July 22, 2009

　　　　Plaintiff John E. Jarvis brings this putative class action against the Government of the Virgin Islands, the Virgin Islands Bureau of Internal Revenue, and Gizette C. Thomas in her official capacity as Director of the Bureau (collectively "the government") for a refund of the Virgin Islands personal use tax he and others paid on vehicles or other personal property that they shipped into the Virgin Islands. Before the court are the motions of Jarvis for class certification and appointment of class counsel.[1]

　　　　On July 25, 2007, in <u>Molloy v. Government of the Virgin Islands</u>, this court held that the Virgin Islands personal use tax was invalid as an unconstitutional burden on commerce into the Territory of the Virgin Islands when no analogous tax was imposed on items purchased or obtained within the Territory. 594 F. Supp. 2d 595, 597 (D.V.I. 2007).

---

1. Jarvis initially moved for class certification and appointment of class counsel on April 14, 2008. He renewed the motions with identical filings on February 18, 2009.

The government concedes that more than 1000 people paid the personal use tax. However, according to the government, only two persons have sought refunds administratively: Robert Molloy, the plaintiff in Molloy, and Jarvis. Br. of Defs. at 2-3. Pursuant to the court order in Molloy, Molloy obtained a full refund. Jarvis has also sought from the Virgin Islands Bureau of Internal Revenue a refund of the $987.08 in taxes he paid for the importation of his personal vehicle from Florida, but no refund has been forthcoming.

Rule 23 of the Federal Rules of Civil Procedure first requires that four prerequisites be met before a case may proceed as a class action:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Class certification is proper only if we are convinced after a "rigorous analysis" that each of the above criteria — numerosity, commonality, typicality, and adequacy of representation — are met. In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 (3d Cir. 2008).

While there is no magic number, generally if the named plaintiff demonstrates that the potential class exceeds forty

members the numerosity requirement is fulfilled. Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001). Here, the proposed class consists of all those persons who paid the personal use tax. The government admits that more than 1000 people fit into this category. This group of taxpayers is so numerous as to render "joinder of all members is impracticable" and fulfil the requirements of Rule 23(a)(1).

Rule 23(a)(2) requires "questions of law or fact common to the class." Commonality serves to ensure that "the necessary glue" exists among all class members "to make adjudicating the case as a class worthwhile." Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 182 (3d Cir. 2001). Commonality demands that the named plaintiff share at least one common question of law or fact with all members of the proposed class. Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994). Here, this criterion is satisfied because the claims of the proposed class members all arise from the same challenged conduct, that is, the unconstitutional taxation of personal property valued over $1000 and imported into the Virgin Islands.

Under Rule 23(a)(3) we examine whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." This typicality requirement "ensures the interests of the class and the class representatives are aligned so that the latter will work to benefit the entire class through the pursuit of their own goals." Newton, 259 F.3d at 182-83. Our analysis under this prong centers on whether the

named plaintiff's "individual circumstances are markedly different or ... the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based."  Newton, 259 F.3d at 183 (quoting Weiss v. York Hosp., 745 F.2d 786, 809 n.36 (3d Cir. 1984)).  The purpose of the typicality requirement is to preclude class certification where the legal theories of the named plaintiff appear likely to conflict with those of the other class members.  Id. at 183 (citing Baby Neal, 43 F.3d at 57).

Closely related to typicality is the fourth prong, adequacy of representation, which requires that the representative parties "fairly and adequately protect the interests of the class."  Rule 23(a)(4) assures that (1) the claims of the named plaintiff are not antagonistic to the those of the class, and (2) the named plaintiff's attorney possesses the necessary qualifications to prosecute the claims on behalf of the entire class.  Beck v. Maximus, Inc., 457 F.3d 291, 296 (3d Cir. 2006).

The concepts of typicality and adequacy of representation "tend to merge" because "both look to potential conflicts and to whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."  Id. (internal quotations omitted); see Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997).

In Beck, the Court of Appeals explained that where the named plaintiff faces a unique defense, typicality and adequacy of representation are both likely to be destroyed out of a concern that the named plaintiff will devote inordinate attention to issues unrelated to the class and at the expense of class members' best interests. Beck, 457 F.3d at 296-97.

In the case at bar, the government argues that class certification is improper because only Jarvis, in contrast to the putative class members, has sought a refund from the Bureau of Revenue before instituting this lawsuit. The Virgin Islands Code requires that:

> No action or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Director, according to the provisions of law in that regard, and the regulations of the Director established in pursuance thereof. Provided, however, that this section shall have no application to the allowance of credit for excise taxes paid on articles, goods, merchandise and commodities exported from the Virgin Islands, as provided in section 42d of this title.

V.I. Code. Ann. tit. 33, § 1692. Under Virgin Islands law, Jarvis is the only taxpayer who may presently proceed in court to collect his refund.[2] His unique legal position is as fatal to

---

2. As stated above, Molloy also filed for a refund but he is not a class member because he has already received a 100% refund of the tax he paid.

class certification as if he were subject to a unique defense. He is in a markedly better position to succeed against the defendants than the other class members.  He can rely on a different legal theory to obtain the result that he desires because he has properly requested a refund pursuant to § 1692. The interests of Jarvis are therefore antagonistic to the interests of all class members who have not properly complied with the exhaustion requirement.  We thus conclude that the claim of Jarvis is not typical of the claims of the class, and he cannot fairly and adequately protect the interests of the class.

Accordingly, we will deny the motion of plaintiff John Jarvis to certify the class.  The motion of plaintiff for appointment of class counsel will be denied as moot.